## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TERRY A. ROBISON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| vs. | ) | CASE NO. 1:18-cv-3585 |
| | ) | |
| KIRKHAM SOLUTIONS, INC. and | ) | |
| MICHAEL KIRKHAM, | ) | |
| | ) | |
| Defendants | ) | |

### *PLAINTIFF'S COMPLAINT FOR DAMAGES*

Comes now the plaintiff, Terry A. Robison (hereinafter "Robison"), by counsel, and for his claims against the Defendants, Kirkham Solutions Inc. and Michael Kirkham (hereinafter collectively "Kirkham Solutions" unless a defendant is identified by full name), alleges and says:

### *I. FACTUAL ALLEGATIONS*

1. Robison is a resident of the State of Indiana, and is domiciled in Rockville, Parke County, Indiana.

2. Kirkham Solutions is a company headquartered in Hendricks County, Indiana. Kirkham Solutions provides technical support and installation services for customers, particularly restaurants. Kirkham Solutions describes its principal office address as 32 Sycamore Street, Brownsburg, Indiana 46112.

3. Robison was hired to work for Kirkham Solutions in late July 2018. Robison was hired to provide technical support and installation services for Kirkham Solutions customers in the State of Florida and the State of Georgia. Robison was told that he was hired to work as

some type of supervisor for Kirkham Solutions' employees in Florida and Georgia, but virtually all of Robison's work (95% or more) for Kirkham Solutions was physical labor (installation of equipment, technical support) he performed by himself at the businesses of Kirkham Solutions' customers (restaurants, laboratories, etc...)  Robison's work required him to travel extensively by himself over the State of Florida and he was in communication with Kirkham Solutions' employees working in the State of Georgia.

4.     Robison voluntarily resigned from his position of employment with Kirkham Solutions on or about September 28, 2018.

5.     Kirkham Solutions promised to pay Robison wages in a combination of a weekly set amount of Five Hundred Dollars ($500.00) plus payment of Twenty Dollars ($20.00) per hour for each hour Robison worked.  During his brief period of employment, Robison worked significantly more than forty (40) hours in a number of his workweeks.  Kirkham Solutions did not pay Robison at an overtime rate of pay (one and one-half times his regular rate) for work hours in excess of forty in a workweek.

6.     Defendant Michael Kirkham is believed to be the primary shareholder of Kirkham Solutions and Michael Kirkham has operational control over Kirkham Solutions.  Michael Kirkham is the person who hired Robison and Michael Kirkham is the person who promised to pay Robison his wages as described in the paragraph above.

7.     During this short period of employment, Kirkham Solutions mischaracterized Robison as an "independent contractor," but Robison was definitely an employee of Kirkham Solutions.  Kirkham Solutions was definitely Robison's employer, providing Robison a company truck, tools and equipment, and completely directing Robison's work each day.  Moreover, Robison worked only and exclusively for Kirkham Solutions during this period of employment.

Based upon information and belief, Kirkham Solutions was not properly withholding Federal and State income taxes from Robison's wages.

8.      In multiple weeks during his employment with Kirkham Solutions, Robison worked sixty (60) or more hours.  As stated above, Kirkham Solutions was not paying Robison at a rate equal to one and one-half times his regular rate of pay for his hours in excess of forty during these workweeks he worked overtime hours.  Robison actually resigned from his job with Kirkham Solutions because he was physically exhausted from the many hours of work each week and because the long hours were requiring him to drive at night, which made Robison uncomfortable.

9.      To any extent Kirkham Solutions attempts to argue that Robison could be treated as an employee exempt from the overtime provisions of the Fair Labor Standards Act ("FLSA"), Robison would expressly assert that he was not paid a salary on a basis that was "free and clear" and "not subject to kickbacks."  Instead, as a condition of employment, Kirkham Solutions required Robison to use his own wages and money to pay for fuel (up to $300.00 per week for a pickup truck) for the company pickup truck and required Robison to pay his own hotel charges for different hotels in the State of Florida.[1]  Kirkham Solutions could never meet the FLSA's salary basis test.

10.     Finally, Kirkham Solutions docked Robison's final wages in at least the amount of Three Thousand Two Hundred and Five Dollars ($3,205.00).  To provide more detail, Robison was owed at least Three Thousand Two Hundred and Five Dollars ($3,205.00) for his

---

[1]When Robison began his employment with Kirkham Solutions, he was staying at hotel in St. Petersburg, Florida.  Kirkham Solutions wanted Robison to be more centrally located in the State of Florida and asked Robison to move to a hotel in Lakeland, Florida.  During his short employment, Robison stayed in up to three different hotels in Lakeland, Florida.

last weeks of work for Kirkham Solutions leading up to his September 28, 2018 resignation. Kirkham Solutions told Robison it was not going to pay his final wages because it intended to offset business expenses it believed it incurred to tow the Kirkham Solutions truck Robison used, to reimburse the company for travel and hotel expenses claimed by Defendant Michael Kirkham, and to reimburse the company for certain other items (purportedly, a radio and some magnets). Kirkham Solutions has continued to refuse to pay Robison his final wages.  All of Robison's efforts to obtain his wages from the company have failed.  This docking of any wage that, arguably, could be called a "salary" would also caused a failure of the FLSA's salary basis test, but Kirkham Solutions has committed FLSA minimum wage violations by failing and refusing to pay Robison any wages at all for his final weeks of work for Kirkham Solutions.

11.     Defendant Kirkham Solutions Inc. is a company organized in the State of Indiana and operated from its headquarters in the State of Indiana.  The wage decisions at issue in this litigation were made in Indiana.  All parties reside and are domiciled in the State of Indiana. Finally, because Kirkham Solutions, the employer, does business in the State of Indiana, it is subject to the Indiana Wage Payment Statute for work done by employees in any territory, including work done in states other than Indiana.  See I.C. 22-2-5-1(a).  See also *Huff v. Biomet, Inc.,* 654 N.E.2d 830, 833 -835 (Ind.App.,1995); *Glass v. Kemper Corp.,* 920 F.Supp. 928, 932 - 933 (N.D.Ill.,1996); *Hamilton v. Water Whole Intern. Corp*., 2006 WL 2545904, *3 (W.D.Okla. 2006).

12.     Kirkham Solutions willfully, intentionally, knowingly and in bad faith violated Robison's rights under the Fair Labor Standards Act and the Indiana Wage Payment Statute.  By way of this Complaint, Robison is seeking all available damages, including, but not limited to, all unpaid wages, all unpaid overtime compensation, all unpaid minimum wages, all liquidated

and/or statutory damages, plus payment of his reasonable attorney's fees, costs and expenses.

## II.  JURISDICTION AND VENUE

13.     This Court has jurisdiction over the subject matter of this Complaint under 28

USC § 1331 and 29 USC § 201 et seq, as Robison raises a federal question of law.  This Court

has supplemental jurisdiction over Robison's claims raised under Indiana law which arise from a

common core of facts.

14.     Venue is proper in this Court pursuant to 28 USC § 1391 because  the unlawful

conduct alleged herein was committed in the Southern District of Indiana.

## III.  PARTIES

15.     Robison is domiciled in and a resident of Parke County, Indiana.

16.     Kirkham Solutions Inc. is headquartered in Hendricks County, Indiana.

17.     Defendant Michael Kirkham is domiciled in and a resident of Hendricks County,

Indiana.

## IV.  STATEMENT OF CLAIMS

### A.  Claims Under the Fair Labor Standards Act

18.     Robison incorporates herein by reference paragraphs 1 through 17 above.

19.     Defendant Kirkham Solutions Inc. is an "enterprise," as that term is defined by

the FLSA, covered by the overtime and minimum wage provisions of the FLSA.  Defendant

Kirkham Solutions Inc. is an "employer," as that term is defined by the FLSA.  Defendant

Kirkham Solutions Inc. is a "joint employer" as that term is defined by the FLSA.  Finally,

Defendant Kirkham Solutions Inc. is a "person" as that term is defined by the FLSA.

20.     Additionally, Robison is an "individual" protected by the FLSA, as Robison

himself was engaged in interstate commerce while working for Kirkham Solutions.  This

includes the significant work Robison was performing for Kirkham Solutions in states outside of Indiana, such as his work throughout the State of Florida and work communicating with coworkers in the State of Georgia.

21.     For purposes of liability under the FLSA, Defendant Michael Kirkham is an "employer," as that term is defined by the FLSA.  See 29 USC § 203(d).  Additionally, Defendant Michael Kirkham is a "joint employer" as that term is defined by the FLSA.  Finally, Defendant Michael Kirkham is a "person" as that term is defined by the FLSA.

22.     The Defendants, individually and acting jointly, have violated Robison's rights to be properly paid minimum wages and overtime wages in a manner required by the FLSA. Specifically, Robison was a non-exempt employee and Kirkham Solutions was required to pay Robison for each hour he worked and pay him at an overtime premium rate for any and all hours worked each week in excess of forty (40).

23.     Each of the Defendants' failure to comply with the FLSA's provisions regarding minimum wages and overtime compensation is willful and without justification.

24.     Robison seeks all available damages, including unpaid wages, unpaid minimum wages, unpaid overtime compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which he may be entitled for the Defendants' violations of the Fair Labor Standards Act.

25.     Defendants are jointly and severally liable to Robison, as they have jointly directed and controlled Robison's employment, and they have acted in concert to violate Robison's rights to minimum wages and overtime wages under the FLSA.

### B.  Claims Under the Indiana Wage Payment Statute

26.     Robison incorporates herein by reference paragraphs 1 - 25 above.

27.     Kirkham Solutions' failure to pay Robison at all for his work in his last days and weeks of employment is not in "good faith."  Kirkham Solutions' refusal and failure to pay wages to Robison is certainly bad faith activity.  Robison is certainly entitled to payment of all of his earned wages along with an amount equal to two (2) times the amount of those wages (statutory liquidated damages).

28.     Moreover, Kirkham Solutions' failure and refusal to pay Robison his final wages based upon a theory that it was charging or punishing Robison for Kirkham Solutions' own claimed expenses creates Robison's claim for unpaid wages and damages under the Indiana Wage Payment Statute, I.C. 22-2-5, as such deductions or wage docking constitutes a violation of the Indiana Wage Assignment Statute, see I.C. 22-2-6-2, and also constitutes an unlawful penalty in violation of I.C. 22-2-8-1.

29.     By way of this Complaint, Robison is seeking all available damages, including all unpaid wages, an additional amount equal to two (2) times his unpaid wages, plus any and all attorney's fees, costs, and expenses, and any other damage which he may be entitled pursuant to the damages provision of the Indiana Wage Payment Statute.  See I.C. 22-2-5-2.

### V.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Terry A. Robison respectfully requests that the Court enter judgment against both of the Defendants, holding the Defendants jointly and severally liable to him for violations of the FLSA and the Indiana Wage Payment Statute, and issue to him all available relief, including, but not limited to, the following:

1.     All damages available under the FLSA, including all unpaid minimum wages, all unpaid overtime wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

2.      All damages available under the Indiana Wage Payment Statute, including all

        unpaid wages, all statutory/liquidated damages for late paid wages, plus payment

        of all reasonable attorney's fees, costs and expenses;

3.      Costs;

4.      Pre-judgment interest, if available; and

5.      Any and all other relief just and proper in the premises.

                                        Respectfully submitted,

                                        HUNT, HASSLER, KONDRAS & MILLER LLP


                                        By/s/Robert P. Kondras, Jr.
                                            Robert P. Kondras, Jr.
                                            Attorney No. 18038-84
                                            100 Cherry Street
                                            Terre Haute, IN 47807
                                            (812) 232-9691
                                            Facsimile: (812) 234-2881
                                            kondras@huntlawfirm.net